## No. 4605.

STATE OF LOUISIANA ex rel. THOMAS LYNNE *v.* CHARLES CLINTON, State Auditor.

The clerks of courts in the city of New Orleans do not come within the provisions of section 52 of act No. 42 of the General Assembly of 1871 in relation to the assessment and collection of taxes.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *W. W. Howe, C. S. Rice, Whitaker, Kennard* and *Prentiss*, for relator and appellant. *A. P. Field,* Attorney General, and *E. C. Billings,* for respondent and appellee.

LUDELING, C. J. This is a proceeding by mandamus to compel the

State of Louisiana ex rel. Lynne v. Clinton, State Auditor.

Auditor to warrant in relator's favor for fourteen thousand eight hundred and sixteen dollars and forty cents, alleged to be due to him for clerk's costs in a number of tax suits.

The answer of the Auditor is that he knows nothing of the facts relating to relator's claim, and that the General Assembly has not made any appropriation for the payment of such claims.

The relator relies upon the 52d section of act No. 42 of the General Assembly of 1871, in support of his demand. The section is as follows : " Section 52—That the assessors and tax collectors in the city of New Orleans, and the tax collectors of the other parishes of the State, and all others herein named in connection with the assessment and collection of taxes, shall be paid by the State Treasurer on the warrant of the Auditor of Public Accounts, out of any money in the treasury not otherwise appropriated."

It is contended that, because it is sometimes necessary to file suits in the courts to enforce the payment of taxes, therefore, the officers of the courts are embraced in the words of the law, "and all others herein named in connection with the assessment and collection of taxes."

We do not think so. The clerks of courts in the city of New Orleans are not named in the law, in connection with the assessment and collection of taxes. In the country they are required by said act to aid in making the assessments, and their compensation is specifically fixed.

It is unnecessary, in this case, to decide the other questions discussed by counsel.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs of appeal.